

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| J.M., by and through his Guardian ad Litem, John D. Elliott, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 3:16-01139-MGL |
| SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, SHALLIA BELTON, ALEX PEEBLES, and JENNIE MITCHELL-GREENE, | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DISMISSING WITHOUT PREJUDICE IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## I.   INTRODUCTION

This is an action for damages arising out of child protective services investigations Defendants conducted regarding Plaintiff. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1367.

Pending before the Court is Defendants' motion for summary judgment. ECF No. 91. Having carefully considered Defendants' motion, the response, the reply, the supplemental response, the supplemental reply, the record, and the applicable law, it is the judgment of the Court Defendants' motion for summary judgment will be granted in part and dismissed without prejudice in part.

## II. FACTUAL AND PROCEDURAL HISTORY

The factual and procedural history of this matter is somewhat extensive, but the Court need not recite it in full. Rather, the Court will summarize only the points relevant to Defendants' motion for summary judgment.

Plaintiff J.M. (Plaintiff) is a minor residing in Kershaw County, South Carolina. ECF No. 73 ¶ 1. Defendant South Carolina Department of Social Services (SCDSS) is an agency of the State of South Carolina, and Defendants Shallia Belton (Ms. Belton), Alex Peebles (Mr. Peebles), and Jennie Mitchell-Greene (Ms. Mitchell-Greene) (collectively Individual Defendants) are employees of SCDSS. *Id.* ¶¶ 3-6.

On January 17, 2015, SCDSS received an intake call from the Kershaw County Sheriff's Department regarding Plaintiff and his minor sister after their parents both died. *See* ECF No. 91-4. Ms. Mitchell-Greene responded to the intake call and met with law enforcement on the scene, ECF No. 73 ¶ 14, at which time law enforcement declined to place Plaintiff and his sister in emergency protective custody, *id.* ¶ 15. A family acquaintance, Angela Belote (Ms. Belote), executed a SCDSS Safety Plan and agreed to care for Plaintiff and his sister. *See* ECF No. 91-5. A few days later, Ms. Belton was assigned Plaintiff's case. ECF No. 73 ¶ 22.

A little over a week after Ms. Belote signed the Safety Plan, law enforcement notified SCDSS that Plaintiff and his sister were at the home of Jordan and Brenda Todd. *See* ECF No. 91-6 at 3. Jordan and Brenda Todd then executed an Affidavit of Alternative Placement with SCDSS indicating they would serve as caregivers for Plaintiff and his sister. *See* ECF No. 91-7. Several months later, SCDSS received another intake call reporting Plaintiff was no longer staying

with the Todds and had not been seen in several days. *See* ECF No. 91-8. This investigation regarding Plaintiff was assigned to Mr. Peebles and Ms. Belton. ECF No. 73 ¶ 42.

Law enforcement located Plaintiff and returned him to the Todd home a few days later, but Plaintiff subsequently left the household again. *See* ECF No. 91-1 at 4-5. Plaintiff lived on the streets for a period of time and was not seen again by law enforcement or SCDSS until he appeared before the Kershaw County Family Court in September 2015. *See id.* at 5. Non-parties Jamie Gates and Ashley Osment obtained permanent legal custody of Plaintiff in March 2016. *See* ECF No. 91-10.

Plaintiff, by and through his Guardian ad Litem, John D. Elliott, filed his initial complaint in this matter in the Court of Common Pleas for Kershaw County, South Carolina, ECF No. 1-3, and Defendants removed the case to this Court, ECF No. 1. In his Third Amended Complaint (Complaint), Plaintiff alleges he has suffered damages as a result of his interactions with Defendants and their handling of the investigations involving him. The Complaint asserts a claim against SCDSS for negligence/gross negligence under the South Carolina Tort Claims Act, S.C. Code § 15-78-10, and claims against all Defendants under 42 U.S.C. § 1983 for violations of Plaintiff's substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution.

After the filing of the Complaint, Plaintiff and Defendants filed a stipulation of partial dismissal dismissing with prejudice Plaintiff's constitutional claims against SCDSS. ECF No. 129. Thus, the remaining claims in this case are Plaintiff's claim for negligence against SCDSS and his constitutional claims against the Individual Defendants.

Defendants filed their motion for summary judgment on August 11, 2017. ECF No. 91. Plaintiff responded, ECF No. 100, and Defendants replied, ECF No. 121. Plaintiff subsequently

filed a motion to supplement his response with an attached supplemental response, ECF Nos. 122, 122-1, and Defendants filed a supplemental reply, ECF No. 126. On October 12, 2017, the Court held a hearing on Defendants' motion for summary judgment at which counsel for Plaintiff and Defendants were present. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Defendants' motion for summary judgment.

## III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be granted under Rule 56 when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might "affect the outcome of the suit under the governing law." *Id.* On a motion for summary judgment, all evidence must be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## IV. CONTENTIONS OF THE PARTIES

Defendants argue Plaintiff's constitutional claim for violations of his procedural due process rights fails as a matter of law because Plaintiff was not entitled to any procedural due process in connection with his interactions with Defendants. Likewise, Defendants assert

Plaintiff's claim for violations of his substantive due process rights fails because Plaintiff had no such rights triggered by Defendants' actions. Defendants explain, because they neither obtained custody of Plaintiff nor placed him in foster care, their actions never triggered substantive due process protections for Plaintiff. Alternatively, Defendants insist, even if Plaintiff were entitled to substantive due process rights, their actions did not rise to the level of a violation of those rights.

Defendants also maintain the Individual Defendants are entitled to qualified immunity on Plaintiff's constitutional claims because they are government officials who were performing discretionary duties. Defendants further contend their actions did not violate Plaintiff's rights, and, regardless, Plaintiff has failed to identify any clearly established right they have allegedly violated.

Lastly, Defendants aver SCDSS is entitled to summary judgment on Plaintiff's negligence claim because it exercised at least slight care in its actions, and, under the South Carolina Tort Claims Act, it can be held liable only for losses resulting from its gross negligence.

Plaintiff disputes each of Defendants' arguments and insists summary judgment in favor of Defendants on any claim is inappropriate. In his supplemental response, Plaintiff discusses the tangential issue of whether Defendants might be precluded from arguing South Carolina law prevented them from taking Plaintiff into custody, which Defendants refute.

## V. DISCUSSION AND ANALYSIS

The Court will first address Defendants' argument they are entitled to summary judgment on Plaintiff's constitutional claims because the Individual Defendants, the only defendants against whom Plaintiff's constitutional claims are still pending, are entitled to qualified immunity.

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992) (citations omitted).

Determining whether an official is entitled to qualified immunity involves a two-step inquiry. *See Pearson*, 555 U.S. at 232. Courts must consider "whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right" and "whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Id.* (citations omitted). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first" in a particular case. *Id.* at 236. Moreover, questions regarding qualified immunity may properly be decided on summary judgment. *Willingham v. Crooke*, 412 F.3d 553, 558-59 (4th Cir. 2005) (citations omitted).

As an initial matter, the Court notes it is uncontested the Individual Defendants are government officials who were performing discretionary functions. Moreover, the Fourth Circuit has established that social workers such as the Individual Defendants "may assert qualified immunity in appropriate circumstances." *Martin v. Saint Mary's Dep't of Soc. Servs.*, 346 F.3d 502, 506 (4th Cir. 2003) (citation omitted). Thus, the Individual Defendants are potentially eligible

for qualified immunity, and the Court will now turn to the two-step qualified immunity inquiry outlined above.

The Court will begin with the second prong of the qualified immunity analysis—whether the rights Plaintiff claims the Individual Defendants violated were clearly established at the time of their actions. As stated above, Plaintiff alleges Defendants violated his procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution. Defendants assert that, even if it were determined they violated Plaintiff's rights as he claims, such rights were not clearly established, and a reasonable caseworker in their positions would have no reason to believe he was violating Plaintiff's rights.

In response, Plaintiff proffers his constitutional rights at issue were in fact clearly established. Plaintiff contends his substantive due process rights were clearly established by the Fourth Circuit in *Doe ex rel. Johnson v. S.C. Department of Social Services*, 597 F.3d 163 (4th Cir. 2010). Plaintiff acknowledges that, unlike his situation, *Johnson* involved a transfer of legal custody to SCDSS through the family court and a foster care placement. Plaintiff claims, however, this distinction is immaterial in light of *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989), which Plaintiff posits stands for the proposition legal custody is unnecessary to trigger due process rights. Plaintiff avers the Fourth Circuit clearly established his procedural due process rights in *Weller v. Department of Social Services for the City of Baltimore*, 901 F.2d 387 (4th Cir. 1990).

Assuming without deciding Defendants violated Plaintiff's constitutional rights as Plaintiff claims, the Court holds such rights were not clearly established by preexisting law at the time of Defendants' alleged misconduct.

7

SCDSS and several of its employees were also defendants in *Johnson*. In that case, SCDSS had involuntarily removed the minor plaintiff from the custody of her parents, sought emergency custody of the plaintiff, terminated the parental rights of the plaintiff's parents, and placed the plaintiff in state-approved foster care. *Johnson*, 597 F.3d at 176. It was undisputed in *Johnson* that SCDSS obtained legal custody of the plaintiff and placed her in foster care. *See id.* at 172. As Plaintiff concedes, Defendants in this case did not obtain legal custody of him or place him in foster care. Contrary to Plaintiff's contention, this distinction between his case and *Johnson* is material.

In *Johnson*, the Fourth Circuit held:

> [W]hen a state involuntarily removes a child from her home, thereby taking the child into its custody and care, the state has taken an affirmative act to restrain the child's liberty, triggering the protections of the Due Process Clause and imposing "some responsibility for [the child's] safety and general well-being." . . . Such responsibility, in turn, includes a duty not to make a foster care placement that is deliberately indifferent to the child's right to personal safety and security.

*Johnson*, 597 F.3d at 175 (quoting *DeShaney*, 489 U.S. at 200) (alteration in original)). Thus, the holding in *Johnson* triggering substantive due process rights for certain children is explicitly conditioned upon a state's actions in "removing a child from her home, thereby taking the child into its custody and care." Because Defendants did not remove Plaintiff from his home or take him into the custody and care of SCDSS, *Johnson* is inapplicable and fails to clearly establish the substantive due process rights Plaintiff asserts Defendants violated.

Plaintiff is further mistaken in arguing the fact SCDSS took the plaintiff in *Johnson* into legal custody is irrelevant in light of *DeShaney*. Plaintiff relies upon the Supreme Court's holding in *DeShaney* that "it is the State's affirmative act of restraining the individual's freedom to act on his own behalf—through incarceration, institutionalization, or other similar restraint of personal liberty—which is the 'deprivation of liberty' triggering the protections of the Due Process Clause

8

. . . ." *DeShaney*, 489 U.S. at 200. Because, however, Defendants did not take Plaintiff into legal custody, Defendants did not affirmatively act to restrain his individual freedom. Moreover, the Court in *DeShaney* held the Winnebago County Department of Social Services had no constitutional duty to protect the plaintiff from his father after it had taken temporary custody of the plaintiff but returned him to his father's custody, explaining "the harms [the plaintiff] suffered occurred not while he was in the State's custody." *Id.* at 201. Thus, rather than indicating it is immaterial whether Defendants had custody of Plaintiff for purposes of triggering substantive due process rights, *DeShaney* actually reinforces the opposite.

The Court also rejects Plaintiff's contention his procedural due process rights were clearly established by the Fourth Circuit in *Weller*. The Fourth Circuit held in *Weller* "a parent is entitled to a hearing initiated by the State before he may be deprived of the custody of his child, and in an emergency a prompt hearing may ratify the state action." *Weller*, 901 F.2d at 398. *Weller* involved the procedural due process rights of a parent when being deprived of custody of a child, *see id.* at 396, not the procedural due process rights of a minor such as Plaintiff during a social services investigation. Moreover, the trigger for the plaintiff's procedural due process rights in *Weller* was the transfer of custody of his child, *see id.*, and it is uncontested Defendants failed to obtain or transfer legal custody of Plaintiff. Like *Johnson*, *Weller* is inapplicable to this case, and it does not clearly establish Plaintiff's procedural due process rights.

Thus, the cases cited by Plaintiff fail to clearly establish his claimed constitutional rights, and the Court is unaware of any controlling precedent establishing such rights. The Court therefore holds the constitutional rights Plaintiff alleges the Individual Defendants violated were not clearly established at the time of Defendants' alleged misconduct, and the Individual Defendants are entitled to qualified immunity on Plaintiff's claims for violations of his substantive and procedural

due process rights. Accordingly, the Court will grant summary judgment in favor of the Individual Defendants on Plaintiff's constitutional claims.

Because the Court will grant summary judgment on Plaintiff's constitutional claims, the only claim remaining in this case will be Plaintiff's claim for negligence/gross negligence against SCDSS under the South Carolina Tort Claims Act, S.C. Code § 15-78-10. The Court will decline to exercise supplemental jurisdiction over Plaintiff's negligence claim, 28 U.S.C. § 1367(c)(3), and will remand this case to the South Carolina Court of Common Pleas for Kershaw County. Consequently, the portion of Defendants' motion for summary judgment regarding Plaintiff's negligence claim will dismissed without prejudice.

The Court's holdings articulated above are dispositive of Defendants' motion for summary judgment, and the Court therefore declines to address the remaining arguments of the parties. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## VI. CONCLUSION

Wherefore, based on the foregoing analysis, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED IN PART** and **DISMISSED WITHOUT PREJUDICE IN PART**. The portion of Defendants' motion seeking summary judgment in favor of the Individual Defendants on Plaintiffs' claims for violations of his substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution is **GRANTED**, and the portion of Defendants' motion regarding Plaintiff's negligence claim is

**DISMISSED WITHOUT PREJUDICE**. Plaintiff's remaining claim against SCDSS for negligence/gross negligence under the South Carolina Tort Claims Act is **REMANDED**.

    **IT IS SO ORDERED.**

Signed this 13th day of December 2017 in Columbia, South Carolina.

                                          s/ Mary Geiger Lewis
                                          MARY GEIGER LEWIS
                                          UNITED STATES DISTRICT JUDGE